BNDDUTY,CLOSED

# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: <u>1:18−mj−03533−AOR</u> All Defendants

Case title: USA v. Mereacre

Date Filed: 10/17/2018
Date Terminated: 10/22/2018

Assigned to: Magistrate Judge Alicia M. Otazo−Reyes

**Defendant (1)**

| | | |
|---|---|---|
| **Vasile Mereacre** | represented by | **Christopher Gerard Lyons** |
| 17764−104 | | Mase Lara, PA |
| *YOB: 1996; ENGLISH* | | 2601 South Bayshore Drive |
| *TERMINATED: 10/22/2018* | | Suite 800 |
| | | Miami, FL 33133 |
| | | 305−377−3770 |
| | | Fax: 305−377−0080 |
| | | Email: clyons@maselaw.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Temporary* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| WARRANT/INDICTMENT/SOUTHERN DISTRICT/CALIFORNIA/EXTORTION INVOLVING COMPUTERS | |

**Plaintiff**

**USA**                                        represented by

1

**Michael Thakur**
US Attorney's Office, Southern District of
Florida
99 N.E. 4th St
Miami, FL 33132
305–961–9361
Fax: 305–530–7976
Email: Michael.Thakur@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/17/2018 | 1 | 4 | Magistrate Removal of Warrant/Indictment from the Northern District of California; Case number in the other District, CR18 00348 LHK NC as to Vasile Mereacre (1). (cg1) (Entered: 10/18/2018) |
| 10/17/2018 | 2 | 11 | Minute Order for proceedings held before Magistrate Judge Alicia M. Otazo–Reyes: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Vasile Mereacre held on 10/17/2018. Date of Arrest or Surrender: 10/16/18. Detention Hearing set for 10/22/2018 10:00 AM in Miami Division before MIA Duty Magistrate. Removal Hearing set for 10/22/2018 10:00 AM in Miami Division before MIA Duty Magistrate. Report Re: Counsel Hearing set for 10/22/2018 10:00 AM in Miami Division before MIA Duty Magistrate. (Digital 14:09:47/14:18:08) Signed by Magistrate Judge Alicia M. Otazo–Reyes on 10/17/2018. (cg1) (Entered: 10/18/2018) |
| 10/17/2018 | 3 | 12 | ORDER UNSEALING CASE as to Vasile Mereacre. Signed by Magistrate Judge Alicia M. Otazo–Reyes on 10/17/2018. *See attached document for full details.* (cg1) (Entered: 10/18/2018) |
| 10/22/2018 | 4 | 13 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Christopher Gerard Lyons appearing for Vasile Mereacre (dgj) (Entered: 10/22/2018) |
| 10/22/2018 | 5 | 14 | Minute Entry for proceedings held before Magistrate Judge Patrick A. White: Status Conference re Report re Counsel, Removal and Detention Hearings as to Vasile Mereacre held on 10/22/2018. Bond Recommendation/Set/Reset as to Vasile Mereacre (1) STIP $250K PSB C/S by 2 people & $100K CSB secured by parents' property. Christopher Lyons appeared as temporary counsel. Deft waived removal. Deft shall report to the ND/CA on 11/8/18 at 1:30pm. (Digital 10:15:49) (dgj) (Entered: 10/22/2018) |
| 10/22/2018 | 6 | 15 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Vasile Mereacre (dgj) (Entered: 10/22/2018) |
| 10/22/2018 | 7 | 16 | $100K CSB Bond Entered as to Vasile Mereacre Approved by Magistrate Judge Patrick A. White. *Please see bond image for conditions of release.* (dgj) (Entered: 10/22/2018) |
| 10/22/2018 | 8 | 22 | $250,000.00 PSB Bond Entered as to Vasile Mereacre Approved by Magistrate Judge Patrick A. White. *Please see bond image for conditions of release.* (yha) (Entered: 10/22/2018) |
| 10/22/2018 | 9 | 27 |  |

|  |  |  | ORDER OF REMOVAL ISSUED to District of Northern District of California as to Vasile Mereacre. Closing Case for Defendant. Signed by Magistrate Judge Patrick A. White on 10/22/2018. *See attached document for full details.* (yha) (Entered: 10/22/2018) |

SEALED BY ORDER OF COURT

FILED BY ___YR___

Oct 17, 2018

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Miami

FILED

AUG 02 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney
2
3
4
5
6
7  **18-3533-MJ-OTAZO-REYES**
8
9  UNITED STATES DISTRICT COURT
10 NORTHERN DISTRICT OF CALIFORNIA
   SAN JOSE DIVISION
11
                            CR 18  00348  LHK NC
12 UNITED STATES OF AMERICA,        No.
13        Plaintiff,              ) VIOLATIONS: Title 18, United States Code, Section
                                  ) 1030(b) – Conspiracy to Violate Title 18, United
14        v.                      ) States Code, Sections 1030(a)(7)(B) and (c)(3)(A);
                                  ) Title 18, United States Code, Sections 1030(a)(7)(B)
15 BRANDON CHARLES GLOVER, and    ) and (c)(3)(A) – Extortion Involving Computers; Title
   VASILE MEREACRE,               ) 18, United States Code, Section 2 – Aid and Abet.
16                                )
          Defendants.            )
17                                )
   _____ ) SAN JOSE VENUE
18
19              I N D I C T M E N T
20 The Grand Jury charges:
21                   BACKGROUND
22    At all times relevant to this Indictment:
23    1.  Lynda.com LLC was an online education company that offered video courses in software,
24 creative, and business skills.  On June 2, 2016, the company was acquired by the LinkedIn Corporation,
25 which was headquartered in Sunnyvale, California.
26    2.  "Bug Bounty" programs are services wherein individuals that report security vulnerabilities
27 receive recognition and compensation.  Bug bounty programs assist companies in discovering and
28

INDICTMENT                                                          4

1 │ resolving security vulnerabilities so that they can be resolved before the general public is aware of them,

2 │ thus preventing the wide-spread exploitation of the vulnerability.

3 │     3. LinkedIn maintained an invitation-only bug bounty program and accepted individuals, such

4 │ as security researchers, into the program based upon the individual's reputation and previous work.

5 │ LinkedIn established rules for participation in the program, and an individual would be disqualified from

6 │ participation in the program based on a variety of factors, including making threats, demanding money

7 │ exchange for security vulnerabilities, publicly disclosing security flaws without notifying the company

8 │ first, modifying, copying, downloading, deleting or otherwise misusing other members' data, and

9 │ accessing non-public member information without authorization.

10 │     4. HackerOne was a San Francisco-based company that operated bug bounty programs for

11 │ corporations, including LinkedIn.

12 │     5. Brandon Charles Glover ("GLOVER") was a resident of Winter Springs, Florida.

13 │     6. Vasile Mereacre ("MEREACRE") was a resident of Toronto, Canada.

14 │

15 │ COUNT ONE:  (18 U.S.C. § 1030(b) – Conspiracy to Violate 18 U.S.C. §§ 1030(a)(7)(B) and (c)(3)(A))

16 │     7. The factual allegations at Paragraphs One through Six are realleged and incorporated as if

17 │ set forth fully here.

18 │     8. Beginning in approximately December 2016 and continuing to approximately January 2017,

19 │ in the Northern District of California and elsewhere, the defendants,

20 │

                        BRANDON CHARLES GLOVER, and

21 │                            VASILE MEREACRE,

22 │ did knowingly conspire and agree with persons known and unknown to the Grand Jury to commit an

23 │ offense under 18 U.S.C. §§ 1030(a)(7)(B) and (c)(3)(A), that is, with the intent to extort from a person

24 │ money and other things of value, transmitted in interstate and foreign commerce communications

25 │ containing a threat to impair the confidentiality of information obtained from a protected computer

26 │ without authorization.

27 │ ///

28 │ ///

INDICTMENT                     2

MANNER AND MEANS

9.      Defendants GLOVER and MEREACRE possessed and controlled and claimed to possess and control confidential databases and other data belonging to the victim corporations all the while knowing that the data had been stolen from the victim-corporations' Amazon Web Services accounts. The defendants' exerted possession and control over the data in order to induce payments from the victim-corporations.

10.     The defendants used the email address "johndoughs@protonmail.com" to contact the victim-corporations to report security vulnerability and demand payment in exchange for deletion of the data. The defendants used false names to communicate with the victim-corporations, and, on several occasions, informed the victim-corporations that they had been paid by other victim-corporations for identifying security vulnerabilities. They also sent the victim-corporations a sample of the data in order for the victim-corporations to verify the authenticity of data.

11.     After examining the sample data, the victim-corporations communicated with the defendants about payment in exchange for the deletion of the data. In some instances, the victim-corporations referred the defendants to HackerOne for payment pursuant to the victim-corporations' bug bounty program. In other instances, the victim-corporation stopped communicating with the defendants and did not pay them for the data.

DEFENDANTS' PLAN TO EXTORT LINKEDIN

12.     As part of the conspiracy, defendants GLOVER and MEREACRE devised a plan to extort LinkedIn by obtaining over 90,000 confidential Lynda.com user accounts, and exerting control over the accounts as a means to obtain money from LinkedIn.

13.     The defendants used the email account "johndoughs@protonmail.com" to communicate with LinkedIn. They also established an account with HackerOne using the false name "William Loafmann" and provided false information, such as names, addresses, and a Social Security number, on Internal Revenue Service forms.

14.     On December 11, 2016, the defendants, using the email account "johndoughs@protonmail.com," sent an email to the security team at LinkedIn notifying them about a "security flaw compromising databases of Lynda.com along with credit card payments and much more."

INDICTMENT                                    3

15.     A LinkedIn executive responded a short time later requesting details so that they could investigate the matter.

16.     "[J]ohndoughs@protonmail.com responded, stating the following:

> Before I continue, I would like to say that this does not look good, I was able to access backups upon backups, me and my team would like a huge reward for this, [sic]. The things we found were some of the following, [L]ynda database, email names addresses, usernames, some passwords, payments, we also found backend code and many more. We also found partian [sic] [L]inkedin files. Before I continue, I would like to ask that you guys will promise to compensate for this find.

17.     A LinkedIn executive and "johndoughs@protonmail.com" continued to communicate about the Lynda.com database, and the LinkedIn executive invited "johndoughs@protonmail.com" into join LinkedIn's bug bounty program through HackerOne.

18.     After the invitation was extended, "johndoughs@protonmail.com" told the LinkedIn executive that "[P]lease keep in mind, we expect a big payment as this was hard work for us, we already helped a big corp which paid close to 7 digits, all went well."

All in violation of Title 18, United States Code, Sections 1030(b), 1030(a)(7)(B) and (c)(3)(A).

///
///
///
///
///
///
///
///
///
///
///
///
///
///

1  COUNT TWO: (18 U.S.C. §§ 1030(a)(7)(B) and (c)(3)(A), 2 – Extortion Involving Computers)

2    19.  The factual allegations contained in Paragraphs One through Six are realleged and

3  incorporated as if set forth fully here.

4    20.  On or about December 11, 2016, in the Northern District of California and elsewhere, the

5  defendants,

6              BRANDON CHARLES GLOVER and

7              VASILE MEREACRE,

8  with the intent to extort from a person money and or other thing of value, transmitted in interstate and

9  foreign commerce any communication containing any threat to impair the confidentiality of information

10  obtained from a protected computer without authorization, to wit: the defendants possessed stolen

11  customer data belonging to Lynda.com and contacted LinkedIn executives under the alias "John

12  Doughs" asking to be paid for it.

13    In violation of Title 18, United States Code, Sections 1030(a)(7)(B), (c)(3)(A), and 2.

14

15  DATED:  *8-7-18*                    A TRUE BILL.

16

17                                _____
                                  FOREPERSON

18

19  ALEX G. TSE
   Acting United States Attorney

20

21  _____
   JOHN H. HEMANN
   Deputy Chief, Criminal Division

23

24  (Approved as to form: _____ )
                          AUSA SUSAN KNIGHT

25

26

27

28

   INDICTMENT                    5                                    8

**SEALED BY ORDER OF COURT**

CR 18 00348 LHK

NC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### *SAN JOSE DIVISION*

*FILED*

### THE UNITED STATES OF AMERICA

### VS.

### BRANDON CHARLES GLOVER, and VASILE MEREACRE,

AUG 02 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**SEALED BY ORDER OF COURT**

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.

ATTEST:
SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California

by: Diana Muyaned
Deputy Clerk
Date: 8/3/2018

---

## INDICTMENT

COUNT ONE: (18 U.S.C. § 1030(b) – Conspiracy to Violate 18 U.S.C. §§ 1030(a)(7)(B) and (c)(3)(A))

COUNT TWO: (18 U.S.C. §§ 1030(a)(7)(B) and (c)(3)(A), 2 – Extortion Involving Computers)

*A true bill.*

_____ *Foreperson*

*Filed in open court this* ___2___ *day of* ___August___
*A.D. 201__8__*

_____ *United States Magistrate Judge*

*Bail. $* ___no bail arrest warrants as to both defendants___

_____

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of California

SEALED BY ORDER OF COURT

SEALED BY ORDER OF COURT

| United States of America | ) | |
| v. | ) | Case No. **CR 18 C0348** |
| Vasile Mereacre | ) | |
| | ) | |
| | ) | |
| _Defendant_ | | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

_(name of person to be arrested)_     Vasile Mereacre

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
☐ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

Violations of the following federal statutes:
Title 18, United States Code, Section 1030(b) – Conspiracy to Violate Title 18, United States Code, Sections 1030(a)(7)(B) and (c)(3)(A); Title 18, United States Code, Sections 1030(a)(7)(B) and (c)(3)(A) – Extortion Involving Computers; Title 18, United States Code, Section 2 – Aid and Abet.

Date:     _August 2, 2018_

_Issuing officer's signature_
Nathanæl / Cousin /
Hon. Virginia DeMarchi, U.S. Magistrate Judge
_Printed name and title_

City and state:     San Jose, California

| **Return** |
| This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____ at _(city and state)_ _____ |
| Date: _____     _Arresting officer's signature_ |
| _Printed name and title_ |

ORIGINAL WARRANT HELD BY
U.S. MARSHALS, SAN JOSE
NOTIFY ABOVE OFFICE UPON ARREST
DO NOT MAKE RETURN ON THIS COPY

# MINUTE ORDER

Page 1

## Magistrate Judge Alicia M. Otazo-Reyes

**Atkins Building Courthouse - 10th Floor**   Date: 10/17/2018  Time: 2:00 p.m.

Defendant: VASILE MEREACRE   J#: 17764-104   Case #: 18-3533-MJ-OTAZO-REYES (SEALED)

AUSA: _Michael Thakur_   Attorney: _No Atty in Court_

Violation: N/D/CA/INDICT/WARR/EXTORTION INVOLVING COMPUTERS   Surr/Arrest Date: 10/16/2018   YOB: 1996

Proceeding: Initial Appearance   CJA Appt:

Bond/PTD Held: ☐ Yes ☑ No   Recommended Bond: _PTD_

Bond Set at: _Temporary PTD_   Co-signed by:

☐ Surrender and/or do not obtain passports/travel docs   Language: _English_

☐ Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services
   Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses, except through counsel

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to:

☐ Other:

Disposition: _Indictment unsealed_

_Deft to retain_
_counsel_

Time from today to _____ excluded from Speedy Trial Clock

**NEXT COURT APPEARANCE**   Date:   Time:   Judge:   Place:

Report RE Counsel:

PTD/Bond Hearing: _10/22/18  10:00 a.m.  Duty_   _Miami_

Prelim/Arraign or Removal:

Status Conference RE:

D.A.R. _14:09:47_ , _14:18:08_   Time in Court: _8 Min_

s/Alicia M. Otazo-Reyes   Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 18-3533-MJ-OTAZO-REYEZ   (SEALED)

UNITED STATES OF AMERICA,
       Plaintiff,

V.

VASILE MEREACRE,
       Defendant(s).
_____/

## ORDER

**THIS CAUSE** came before the Court and pursuant to proceedings it is thereupon, PURSUANT TO THE ARREST OF THE ABOVE NAMED DEFENDANT, THIS CASE IS HEREBY UNSEALED.

**DONE AND ORDERED** at Miami, Florida.

Dated: 10/17/2018

_Alicia Otazo Reyes_
_____
**Alicia M. Otazo-Reyes**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18 mj 03533-AOR

UNITED STATES OF AMERICA,
Plaintiff,

v.

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

Vasile Mercacrp Defendant.

COMES NOW _____Christopher Lyons_____ and

files this temporary appearance as counsel for the above named defendant(s) at initial appearance.

This appearance is made with the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing documents** necessary to

collateralize any personal surety bond which may be set.

Counsel's Name (**Printed**): _____Christopher LYons_____

Counsel's Signature: _____CW_____

Address (include City/State/Zip Code):

2601 S. Bayshore Dr. #700
Miami, Fl 33133

Telephone: 305 377 3770     Florida Bar Number: 985457

Date: 10/22/18

13

# COURT MINUTES

## Magistrate Judge Patrick A. White

| **Atkins Building Courthouse - 3rd Floor** | Date: 10/22/18 | Time: 10:00 a.m. |
|---|---|---|

Defendant: Vasile Mereacre          J#: 17764-104    Case #: 18-3533-MJ-OTAZO-REYES

AUSA: Michael Porter                Attorney: Christopher Lyons - Temp

Violation: N/DIST/CALIFORNIA - EXTORTION INVOLVING COMPUTERS

Proceeding: REPORT RE: CNSL; REMOVAL/PTD          CJA Appt: _____

Bond/PTD Held: ☐ Yes  ☒ No          Recommended Bond: PTD

Bond Set at: _____          Co-signed by: _____

☒ Surrender and/or do not obtain passports/travel docs

Language: English

☒ Report to PTS as _directed_/or _____ x's a week/month by phone: _____ x's a week/month in person
✓ report weekly in person or by phone to his atty

☐ Random urine testing by Pretrial Services _____
   Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☒ No contact with victims/witnesses w/co-deft Brandon Glover

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☒ Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by _deft_

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☒ Travel extended to: SD of Fl, Middle Dist of Fl & Northern District of California

☒ Other: Deft shall post a $15,000 cash bond in the Middle District of Fl, within 24 hours of his release

**Disposition:**

Deft to retain cnsl

— deft waived Removal

— Stip $250,000 PSB co-signed by 2 people & $100,000 CSB secured by his parents' property.

— deft shall reside w/ Tatiana & Vladimir Gulpe in the Middle Dist of Florida

— deft shall not use a computer except to communicate w/ his atty

— deft shall report to the Northern Dist of California on 11/8/18 at 1:30

Time from today to _____ excluded from Speedy Trial Clock

**NEXT COURT APPEARANCE**   Date: _____  Time: _____  Judge: _____  Place: _____

Report RE Counsel: _____

PTD/Bond Hearing: _____

Prelim/Arraign or Removal: _____

Status Conference RE: _____

D.A.R. 10:15:49          Time in Court: 10 minutes

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No: 18-3533-MJ-OTAZO-REYES

United States of America
    Plaintiff,
  v.

                    Charging District's Case No.  CR-18-00348-LHK

Vasile Mereacre,
    Defendant.
_____/

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the **NORTHERN DISTRICT OF CALIFORNIA.**

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2)    an identity hearing to determine whether I am the person named in the charges;
(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;
(5)    a hearing on any motion by the government for detention;
(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

☑ An identity hearing and production of the warrant.

☐ A preliminary hearing.

☑ A detention hearing in the Southern District of Florida.

☐ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 10/22/18

_____
Defendant's Signature

_____
Patrick A. White
UNITED STATES MAGISTRATE JUDGE

15

(Rev 03/2016)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: $100,000 CSB

CASE NO.: 1:18-mj-03533-AOR

JAIL # 17764-104

UNITED STATES OF AMERICA
   Plaintiff,

v.

Vasile Mereacrp,
   Defendant,

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ $100,000 CSB .

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1.  Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred.  The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.  This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2.  May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court  or the court to which the case has been removed or transferred.  The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3.  May not change his or her present address as recorded on this bond without prior permission in writing from the court.

4.  Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court.  The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case.  In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5.  The defendant must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

6.  Shall not commit any act in violation of state or federal laws.

The face of this document has microprinting and "VOID" when copied. Paper has a printed watermark, invisible fibers, and coin reactive authentication.

**POWER OF ATTORNEY**

**LEXINGTON NATIONAL INSURANCE CORPORATION**

Power No. 2018-EE- 002833

THIS POWER OF ATTORNEY NULL AND VOID UNLESS USED BEFORE 11/1/18

P.O. Box 6098, Lutherville, Maryland 21094 • 410-625-0800

info@lexingtonnational.com

**Only the Original Power of Attorney will bind this surety.**

KNOW ALL MEN BY THESE PRESENTS, that LEXINGTON NATIONAL INSURANCE CORPORATION, a corporation duly organized and existing under the laws of the State of Florida, hereby constitutes and appoints, subject to any General Qualifying Power of Attorney or other legal power of attorney on its behalf as surety, any and all obligations as herein provided, and the execution of such obligations in pursuance of these presents shall be as binding upon the Company as fully and to all intents and purposes as if done by the regularly elected officers of these presents.

THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF ONE HUNDRED THOUSAND DOLLARS (100,000.00). THIS POWER OF ATTORNEY IS VOID IF ALTERED OR ERASED, VOID IF USED TO FURNISH BAIL ON THE SUBJECT BOND IN EXCESS OF THE STATED MAXIMUM AMOUNT OF THIS POWER AND VOID IF USED WITH OTHER POWERS OF THIS COMPANY OR OTHER POWERS OF OTHER COMPANIES TO MAKE BAIL ON THE SUBJECT BOND. EACH POWER OF ATTORNEY CAN ONLY BE USED ONCE AND MAY BE EXECUTED ONLY FOR RECOGNIZANCE ON CRIMINAL BAIL BONDS.

**NOT VALID FOR IMMIGRATION BONDS**

Bond Amount: $ 100,000.00

Defendant: Mercacre , Vasile

First Court Date: _____

Case Number: 1:18-mj- 03533

Court: Northern District County/City: Computer

Defendant's Address: Escribano Involving

Offense(s): _____

Date of Execution: October 09, 2018

Attorney-in-Fact: Michael Aven

Court Assignment/Count #: _____

IN WITNESS WHEREOF, LEXINGTON NATIONAL INSURANCE CORPORATION has caused these presents to be signed by its President and attested by virtue of authority conferred by its Board of Directors, has caused its corporate seal, signed by its President and attested these presents to be sealed with its corporate seal, signed on April 9, 1996.

Secretary

President

1. A separate Power of Attorney must be attached to each bond executed.
2. Powers of Attorney must not be returned to attorney-in-fact, but should remain in the permanent part of the file.
3. The authority of such attorney-in-fact is limited to appearance bonds and constitutes and limitations, payment of defendant's failure lawful conduct, adherence to release conditions, travel limitation to assure appearance, restitution, or penalties, or any other condition imposed by a court not specifically related to the performance.

Form # LNIC-BAIL-94

DEFENDANT: *Vasile Mereacce*
CASE NUMBER: *18-3533-MJ-OTAZO-REYES*
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

☑a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

☑b. Report to Pretrial Services as follows: ☑ *as directed or* _____ *time(s) a week in person and* _____ *time(s) a week by telephone*;

☐c. Submit to substance abuse testing and/or treatment;

☐d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

☐e. Participate in mental health assessment and/or treatment;

☐f. Participate and undergo a sex offense specific evaluation and treatment;

☐g. Maintain or actively seek full-time employment;

☐h. Maintain or begin an educational program;

☑i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel; *w/co-dept Brandon Glover*

☐j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

☐k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own until the bond is discharged, or otherwise modified by the Court;

☐l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.;*

☐m. No access to the internet via any type of connectivity device *(i.e. computers, pda's, cellular phones, tv's)*, and follow instructions as outlined in the agreement waiver provided to you by Pretrial Services;

☑n. **HOME CONFINEMENT PROGRAM** The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ☐ **will not or** ☑ **will include electronic monitoring or other location verification system, paid for by the defendant** *based upon his/her ability to pay* ☑ **or paid for by Pretrial Services** ☐.

    ☐ **Curfew:** You are restricted to your residence every day from _____ to _____, or as directed by the Court.

    ☐ **Home Detention:** You are restricted to your residence at all times except for: ☐ **medical needs or treatment,** ☐ **court appearances,** ☐ **attorney visits or court ordered obligations, and** ☐ **other** _____.

☐o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ☐ **employment;** ☐ **education;** ☐ **religious services;** ☐ **medical, substance abuse, or mental health treatment;** ☐ **attorney visits;** ☐ **court appearances;** ☐ **court ordered obligations;** ☐ **reporting to Pretrial Services; and** ☐ **other**

☑p. May travel to and from: *SD of Florida / Middle Dist Of Florida / Northern Dist of California,* and must notify Pretrial Services of travel plans before leaving and upon return. *5) Deft shall report to the Northern Dist of California on 11/8 @ 1:30 P.M.*

☐q. Comply with the following additional conditions of bond:

1) Report weekly in person or by phone to his atty.
2) Deft shall post a $25,000 cash bond in the Middle Dist of Fl, w/in 24 hours of his release.
3) Deft shall reside w/ Tatum & Vladimir Gulpe in the Middle Dist of Fl.
4) Deft shall not use a computer except to communicate w/ his atty.

DEFENDANT: Vasile Mereacre
CASE NUMBER: 1F-3533-MJ-OTAZO-Reyes
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)   an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)   an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)   any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)   a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: *Vasile Mereacre*
CASE NUMBER: 18-3533-MJ-OTAZO-REYES
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

---

**NOTE: Page 5 of this form MUST be completed before the bond will be accepted for filing.**

---

### DEFENDANT

Signed this __22__ day of __October__, 20 18   at ____Miami Dade____, Florida

Signed and acknowledged before me:                DEFENDANT: (Signature) _____
WITNESS: _____        City: _Palm Coast_____ State: _Fl._

### CORPORATE SURETY

Signed this __22__ day of __October__, 20 18   at ____Miami Dade____, Florida

SURETY: _Pruett Bail Bonds_                AGENT: (Signature) _____
City: _Miami_   State: _Florida_        PRINT NAME: _Miguel Peter_

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 20 18  at _____, Florida   Signed this ___ day of _____, 20 18   at _____, Florida

SURETY: (Signature) _____        SURETY: (Signature) _____
PRINT NAME: _____        PRINT NAME: _____
RELATIONSHIP TO DEFENDANT: _____        RELATIONSHIP TO DEFENDANT: _____
City: _____ State: _____        City: _____ State: _____

Signed this ___ day of _____, 20 18  at _____, Florida   Signed this ___ day of _____, 20 18   at _____, Florida

SURETY: (Signature) _____        SURETY: (Signature) _____
PRINT NAME: _____        PRINT NAME: _____
RELATIONSHIP TO DEFENDANT _____        RELATIONSHIP TO DEFENDANT: _____
City: _____ State: _____        City: _____ State: _____

### APPROVAL BY COURT

Date: __10/22/18__                _____
                        **PATRICK A. WHITE**
                        **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# ATTACHMENT(S) NOT SCANNED

## PLEASE REFER TO COURT FILE MAINTAINED IN THE OFFICE WHERE THE JUDGE IS CHAMBERED

CASE NO. ___18 - 3533 - MJ - OTAZO - REYES___

☐ **DUE TO POOR QUALITY, THE ATTACHED DOCUMENT IS NOT SCANNED**

☐ VOLUMINOUS (exceeds 999 pages = 4 inches)
   consisting of (boxes, notebooks, etc.)_____

☐ BOUND EXTRADITION PAPERS
☐ ADMINISTRATIVE RECORD (Social Security)
☐ ORIGINAL BANKRUPTCY TRANSCRIPT
☐ STATE COURT RECORD (Habeas Cases)
☐ SOUTHERN DISTRICT TRANSCRIPTS
☐ LEGAL SIZE
☐ DOUBLE SIDED
☐ PHOTOGRAPHS
☐ POOR QUALITY (e.g. light print, dark print, etc.)
☐ SURETY BOND (original or letter of undertaking)
☐ CD's, DVD's, VHS Tapes, Cassette Tapes
☑ OTHER= PAGE 5 (Confidential information)

21

(Rev 03/ 2016)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: *250,000 PSB*

CASE NO.: *1:18 - mj - 03533 -AOR*

UNITED STATES OF AMERICA
Plaintiff,

JAIL # *17764-104*

v.

*Vasile Mereacre* Defendant,

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of
$ *$250,000 PSB* .

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court  or the court to which the case has been removed or transferred.  The Southern District of Florida  consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3. May not change his or her present address as recorded on this bond without prior permission in writing from the court.

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court.  The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case.  In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. The defendant must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

6. Shall not commit any act in violation of state or federal laws.

DEFENDANT: *Vasile Mereucce*
CASE NUMBER: 18-3533-MJ-OTAZU-REYES
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

☑ a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

☑ b. Report to Pretrial Services as follows: ☑ *as directed or* _____ *time(s) a week in person and* _____ *time(s) a week by telephone;*

☐ c. Submit to substance abuse testing and/or treatment;

☐ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

☐ e. Participate in mental health assessment and/or treatment;

☐ f. Participate and undergo a sex offense specific evaluation and treatment;

☐ g. Maintain or actively seek full-time employment;

☐ h. Maintain or begin an educational program;

☑ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel; *w/except Brendan Obrial*

☐ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

☐ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own until the bond is discharged, or otherwise modified by the Court;

☐ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.;*

☐ m. No access to the internet via any type of connectivity device *(i.e. computers, pda's, cellular phones, tv's)*, and follow instructions as outlined in the agreement waiver provided to you by Pretrial Services;

☑ n. **HOME CONFINEMENT PROGRAM** The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ☐ **will not or** ☑ **will include electronic monitoring or other location verification system, paid for by the defendant** *based upon his/her ability to pay* ☑ **or paid for by Pretrial Services** ☐.

　☐ **Curfew:** You are restricted to your residence every day from _____ to _____, or as directed by the Court.

　☐ **Home Detention:** You are restricted to your residence at all times except for: ☐ **medical needs or treatment,** ☐ **court appearances,** ☐ **attorney visits or court ordered obligations, and** ☐ **other** _____.

☐ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ☐ **employment;** ☐ **education;** ☐ **religious services;** ☐ **medical, substance abuse, or mental health treatment;** ☐ **attorney visits;** ☐ **court appearances;** ☐ **court ordered obligations;** ☐ **reporting to Pretrial Services; and** ☐ **other**

☑ p. May travel to and from: *SD of FL / Middle Dist of FL / & Northern Dist of California*, and must notify Pretrial Services of travel plans before leaving and upon return.

☑ q. Comply with the following additional conditions of bond:
1) *Report weekly in person or by phone to his atty in the middle of FL, w/in 24 hours of his release*
2) *Deft shall post a $25,000 cash bond in the middle dist of FL*
3) *Deft shall reside w/ Tatiana & Vladimir Gulpe in the middle Dist of FL*
4) *Deft shall not use a computer except to communicate w/his lawyer.*
5) *Deft shall not ~~access~~ report to Northern Dist of California on 11/8/18 @ 1:30*

23

DEFENDANT: *Vasile Mereacre*
CASE NUMBER: *18 - 3533 - MJ - OTAZO-REYES*
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
(2)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3)     any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4)     a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: Vasile Mereacre
CASE NUMBER: 18-3533-MJ-OTAZO-R=400
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

---

**NOTE: Page 5 of this form MUST be completed before the bond will be accepted for filing.**

---

### DEFENDANT

Signed this 23rd day of October, 2018 at Miami, Florida

Signed and acknowledged before me:
WITNESS: _____

DEFENDANT: (Signature) _____
City: Palm coast     State: Fl

### CORPORATE SURETY

Signed this _____ day of _____, 2018 at _____, Florida

SURETY: _____
City: _____ State: _____

AGENT: (Signature) _____
PRINT NAME: _____

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 2018 at _____, Florida    Signed this___ day of _____, 2018 at _____, Florida

SURETY: (Signature) _____
PRINT NAME: Liuba Siver
RELATIONSHIP TO DEFENDANT: Mother
City: _____ State: Florida

SURETY: (Signature) _____
PRINT NAME: Mereacre Nicolae
RELATIONSHIP TO DEFENDANT: father
City: _____ State: Florida

Signed this ___day of _____, 2018 at _____, Florida    Signed this___ day of _____, 2018 at _____, Florida

SURETY: (Signature) _____
PRINT NAME: _____
RELATIONSHIP TO DEFENDANT _____
City: _____ State: _____

SURETY: (Signature) _____
PRINT NAME: _____
RELATIONSHIP TO DEFENDANT: _____
City: _____ State: _____

---

**APPROVAL BY COURT**

Date: 10/22/18

_____
PATRICK A. WHITE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# ATTACHMENT(S) NOT SCANNED

## PLEASE REFER TO COURT FILE MAINTAINED IN THE OFFICE WHERE THE JUDGE IS CHAMBERED

CASE NO. _____

[ ] **DUE TO POOR QUALITY, THE ATTACHED DOCUMENT IS NOT SCANNED**

[ ] VOLUMINOUS (exceeds 999 pages = 4 inches)
consisting of (boxes, notebooks, etc.)_____

[ ] BOUND EXTRADITION PAPERS
[ ] ADMINISTRATIVE RECORD (Social Security)
[ ] ORIGINAL BANKRUPTCY TRANSCRIPT
[ ] STATE COURT RECORD (Habeas Cases)
[ ] SOUTHERN DISTRICT TRANSCRIPTS
[ ] LEGAL SIZE
[ ] DOUBLE SIDED
[ ] PHOTOGRAPHS
[ ] POOR QUALITY (e.g. light print, dark print, etc.)
[ ] SURETY BOND (original or letter of undertaking)
[ ] CD's, DVD's, VHS Tapes, Cassette Tapes
[✓] OTHER=

PAGE 5 (Confidential information)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 18-3533-MJ-OTAZO-REYES

United States of America
        Plaintiff,

    v.

Vasile Mereacre,
        Defendant.

_____/

## ORDER OF REMOVAL

It appearing that in the **NORTHERN DISTRICT OF CALIFORNIA**, an Indictment was filed against the above-named defendant on a charge of **N/DIST/CALIFORNIA - EXTORTION INVOLVING COMPUTERS**, and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Patrick A. White at Miami, Florida, which officially committed the defendant for removal to the **NORTHERN DISTRICT OF CALIFORNIA**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Patrick A. White for removal and posted bail in the amount of $250,000 PSB & $100,000 CSB which was approved by the United States Magistrate Judge Patrick A. White, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Miami, Florida on 10/22/18.

_____
Patrick A. White
United States Magistrate Judge